United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| QURE HEALTHCARE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VERMILLION, INC.,<br><br>    Defendant.<br>_____/ | No. CV14-04363 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE THE FIRST AMENDED ANSWER AND COUNTERCLAIM**<br><br>[ECF No. 22] |

## INTRODUCTION

On August 26, 2014, Plaintiff QURE Healthcare, LLC ("QURE") sued Defendant Vermillion, Inc. ("Vermillion"). (Complaint, ECF No. 1.[1]) Vermillion now moves for leave to file a first amended answer in order to add affirmative defenses and counterclaims against QURE. (Motion, ECF No. 22.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the April 16, 2015 hearing. Upon consideration of the briefs submitted and the applicable legal authority, the court grants Vermillion's motion.

## STATEMENT

On April 21, 2014, Vermillion engaged QURE, by written agreement, to design, implement and complete a randomized clinical trial (the "RTC") for Vermillion's product. (Complaint, ECF No. 1

___

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

at 7-9.)  In exchange, Vermillion was required to make total payments to QURE in the amount of $355,000 plus expenses.  (*Id.*)  Pursuant to the contract, Vermillion made an initial payment of $213,000.  (*Id.*)  On June 17, 2014, Vermillion terminated the contract and ceased making payments to QURE because Vermillion was informed that the results of a RTC by QURE would not be considered by the medical community.  (*Id.*)  As a result, Vermillion has not paid the outstanding amount of $142,000.  (*Id.*)  On August 26, 2014, QURE sued in the Superior Court for the State of California, for Marin County for breach of contract to recover the $142,000 unpaid by Vermillion.  (*Id.*)  On September 25, 2014, Vermillion filed its answer in the state case.  (*Id.*)  On September 26, 2014, Vermillion filed a notice of removal to federal court claiming diversity jurisdiction.  (Notice of Removal, ECF No. 1.)  At the initial case management conference, the court set March 9, 2015 as the deadline to seek leave to amend the pleadings.  (Order, ECF No. 18.)  On March 9, 2015, the day of the deadline, Vermillion moved for leave to file a first amended answer to add affirmative defenses and counterclaims against QURE.  (Motion, ECF No. 22.)

## DISCUSSION

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013).  Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989) (citation omitted). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: (1) undue delay, (2) bad faith, (3) futility of amendment, (4) prejudice to the opposing party, and (5) whether the party has previously amended the pleadings.  *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

### II. APPLICATION

Vermillion seeks leave to amend its answer in order to add two affirmative defenses for offset and recoupment, and bring a counterclaim alleging causes of action for breach of contract and a common count for money had and received.  (Motion, ECF No. 22-1 at 5.)  Vermillion argues that

1  the amendment will not prejudice QURE because the proposed counterclaim "does not broaden the
2  scope of this action in any way, the basic question in both the complaint and proposed Counterclaim
3  is if QURE was damaged by Vermillion's termination of the contract." (*Id.*)  Additionally, the
4  counterclaim arises from identical facts and no additional discovery will be required. (*Id.* at 7.)

5      To meet its burden as the nonmoving party, QURE merely points to the fact that Vermillion
6  waited seven months to file these counterclaims and that they should have known about their
7  potential claims earlier because "this is not a complex case . . . ." (Opposition, ECF No. 23 at 2.)
8  QURE also makes a number of conclusory accusations that these counterclaims are only meant to
9  "delay and deflect." (*Id.*)

10     Vermillion's motion was timely filed within the window established by the court to amend the
11 pleadings and therefore this court must apply the very liberal standard under Rule 15.  Based on
12 Vermilion's uncontroverted statements, the counterclaims it proposes will not require any additional
13 discovery or fact-finding.  QURE, also, has not met its burden to show prejudice.  For these reasons
14 the court grants Vermillion's motion to file a first amended answer with affirmative defenses and
15 counterclaims.

## CONCLUSION

17     For the foregoing reasons the court **GRANTS** Vermillion's motion for leave to file its first
18 amended answer.  It shall do so as a separate docket entry by April 10, 2015.

19 **IT IS SO ORDERED**.

20 Dated: April 3, 2015

21                                                  LAUREL BEELER
                                                 United States Magistrate Judge

CV14-04363 LB